**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Oscar Ramos**, <br><br> Plaintiff, <br><br> vs. <br><br> **United Tiny Homes, Inc.**, an Arizona corporation, **Gail Kingsbury and John Doe Kingsbury**, a married couple, **Charles F. Warren, Jr. and Jane Doe Warren**, a married couple, **Marie Simone and John Doe Simone**, a married couple, **Austin Bennett and Jane Doe Bennett**, and **Carlos Rodriguez and Jane Doe Rodriguez**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Oscar Ramos ("Plaintiff" or "Ramos"), sues the Defendants United Tiny Homes, Inc., Gail Kingsbury and John Doe Kingsbury, Charles F. Warren, Jr and Jane Doe Warren, Marie Simone and John Doe Simone, Austin Bennett and Jane Doe Bennett, and Carlos Rodriguez and Jane Doe Rodriguez ("Defendants") and alleges as follows:

-1-

## PRELIMINARY STATEMENT

1.     This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

<u>**PARTIES**</u>

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendants United Tiny Homes, Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendants United Tiny Homes, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     Under the FLSA, Defendants United Tiny Homes, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants United Tiny Homes, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants United Tiny Homes,

Inc. in relation to the company's employees, Defendants United Tiny Homes, Inc. is subject to liability under the FLSA.

10.     Defendants Gail Kingsbury and John Doe Kingsbury are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Gail Kingsbury and John Doe Kingsbury are owners of Defendant United Tiny Homes, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11.     Under the FLSA, Defendants Gail Kingsbury and John Doe Kingsbury are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Gail Kingsbury and John Doe Kingsbury had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant United Tiny Homes, Inc. in relation to the company's employees, Defendants Gail Kingsbury and John Doe Kingsbury are subject to individual liability under the FLSA.

12.     Defendants Charles F. Warren Jr. and Jane Doe Warren are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Charles F. Warren Jr. and Jane Doe Warren are owners of Defendant United

Tiny Homes, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendants Charles F. Warren Jr. and Jane Doe Warren are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Charles F. Warren Jr. and Jane Doe Warren had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant United Tiny Homes, Inc. in relation to the company's employees, Defendants Charles F. Warren Jr. and Jane Doe Warren are subject to individual liability under the FLSA.

14.     Defendants Marie Simone and John Doe Simone are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Marie Simone and John Doe Simone are owners of Defendant United Tiny Homes, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Marie Simone and John Doe Simone are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Marie Simone and John Doe Simone had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant United Tiny Homes, Inc. in relation to the company's employees, Defendants Marie Simone and John Doe Simone are subject to individual liability under the FLSA.

16.     Defendants Austin Bennett and Jane Doe Bennett are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Austin Bennett and Jane Doe Bennett are owners of Defendant United Tiny Homes, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Austin Bennett and Jane Doe Bennett are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Austin Bennett and Jane Doe Bennett had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant United Tiny Homes, Inc. in relation to the company's employees, Defendants Austin Bennett and Jane Doe Bennett are subject to individual liability under the FLSA.

18.     Defendants Carlos Rodriguez and Jane Doe Rodriguez are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Carlos Rodriguez and Jane Doe Rodriguez are owners of Defendant United Tiny Homes, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19.     Under the FLSA, Defendants Carlos Rodriguez and Jane Doe Rodriguez are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Carlos Rodriguez and Jane Doe Rodriguez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant United Tiny Homes, Inc. in relation to the company's employees, Defendants Carlos Rodriguez and Jane Doe Rodriguez are subject to individual liability under the FLSA.

20.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

21.     Defendants, and each of them, are sued in both their individual and corporate capacities.

22.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

23.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

24.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

25.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

27.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

28.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

29.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a construction company operating under the name "United Tiny Homes."

31.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

32.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

33.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

34.     Alternatively, and in addition to being employers in their own right, Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, Austin Bennett, and Carlos Rodriguez comprise a "vertical joint employment" relationship under the FLSA.

35.     Vertical joint employment exists when "a company has contracted for workers who are directly employed by an intermediary company." *Litzendorf v. Property Maintenance Solutions, LLC*, 2017 WL 5900830, at *4 fn. 2 (D. Ariz. November 30, 2017).

36.     Defendants contracted for Plaintiff to work for them through Defendant Carlos Rodriguez.

37.     Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett would pay Defendant Carlos Rodriguez who would then pay Plaintiff for the work he performed for Defendants.

38.     Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett assigned work they needed done to Defendant Carlos Rodriguez.

39.     Defendant Carlos Rodriguez would then assign the other workers, including Plaintiff, to perform the work provided by Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett.

40.     All work performed by Defendant Weston Williams and Plaintiff were assigned by Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett

41.     Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett controlled the work being performed by Plaintiff by assigning work to Defendants Carlos Rodriguez.

42.     Work assigned by Defendants United Tiny Homes, Inc., Gail Kingsbury, Charles F. Warren Jr., Marie Simone, and Austin Bennett to Defendant Carlos Rodriguez passed to Plaintiff without material change.

43.     Plaintiff was hired by Defendants to perform work as a carpenter, work that was integral to Defendants' business.

44.     The work performed by Plaintiff was general labor work and did not require a special skill or initiative, judgment, or foresight.

45.     Plaintiff used materials and equipment provided by Defendants and did not invest in his own equipment, materials, or the employment of helpers.

46.     Plaintiff did not have the opportunity for profit or loss based on his managerial skill. Rather, Plaintiff was compensated on an hourly rate by Defendants for work he was assigned by them.

47.     Plaintiff was hired by Defendants as a permanent employee, working full time for approximately one month before Defendants terminated Plaintiff's employment.

48.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

49.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

50.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

51.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

52.     Defendants own and/or operate as United Tiny Homes, an enterprise located in Maricopa County, Arizona.

53.     Plaintiff was hired by Defendants on approximately January 4, 2022.

54.     At all relevant times, Plaintiff worked for Defendants until approximately January 31, 2022.

55.     At all relevant times, in his work for Defendants, Plaintiff worked as a carpenter.

56.     Defendants, in their sole discretion, paid Plaintiff an hourly rate of $25, regardless of the number of hours he worked in a given workweek.

57.     Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately 60 hours per week.

58.     Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

59.     Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek based solely on the fact that Defendants paid Plaintiff a salary.

60.     In his work for Defendants, Plaintiff was an employee as defined by the FLSA.

61.     In his work for Defendants Plaintiff was an employee as defined by Arizona law.

62.     In his work for Defendants, Plaintiff was not compensated on a salary basis.

63.     In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

64.     In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

65.     In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

66.     In his work for Defendants, Plaintiff did not direct the work of two or more employees.

67.     In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

68.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

69.     From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate him for any of his overtime hours.

70.     At all relevant times, Defendants controlled Plaintiff's schedules.

71.     At all relevant times, Plaintiff was economically dependent on Defendants.

72.     At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

73.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

74.     For the final pay period that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

75.     As a result of not having paid any wage whatsoever to Plaintiff during his final pay period with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

76.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

77.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 207(a).

78.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

79.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

80.     Plaintiff was a non-exempt employee.

81.     At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

82.     At all relevant times, Defendants also failed to properly compensate Plaintiff at the applicable minimum wage for many of his hours worked for Defendants.

83.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

84.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

85.     Plaintiff is a covered employee within the meaning of the FLSA.

86.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

87. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

88. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

89. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

90. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

93. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

94.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

95.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

96.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

97.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

98.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

99.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Oscar Ramos, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

    ii.     Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

100.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.     As a result of not paying Plaintiff any wage whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

102.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

103.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Oscar Ramos, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

104. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105. As a result of not paying Plaintiff any wage whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

106. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

107. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Oscar Ramos, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

   i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT FOUR: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

110.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

111.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

112.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the

Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

113.   Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Oscar Ramos, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.   For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

1

RESPECTFULLY SUBMITTED this 25th day of April, 2022.

2

3

BENDAU & BENDAU PLLC

4

By: /s/ *Christopher J. Bendau*

Clifford P. Bendau, II

5

Christopher J. Bendau

*Attorney for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27